UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,          MEMORANDUM & ORDER
                                        15-CV-0544(JS)(AYS)

          -against-

POLICE OFFICER KOENIG, COUNTY
OF SUFFOLK, POLICE OFFICER ANDREW
DUBRISKE, and POLICE OFFICER
MICHAEL UMBARILA,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    8 Candlewood Road
                    N. Bay Shore, NY 11706

For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Attorney
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788

SEYBERT, District Judge:

          Currently pending before the Court is defendants Police

Officer Koenig ("Officer Koenig"), County of Suffolk ("County"),

Police Officer Andrew Dubriske ("Officer Dubriske"), and Police

Officer Michael Umbarila's ("Officer Umbarila") (collectively,

"Defendants") motion to dismiss the Complaint.  (Docket Entry 12.)

Plaintiff Kevin L. Jefferson ("Plaintiff") has not opposed

Defendants' motion.  For the following reasons, Defendants' motion

is GRANTED IN PART and DENIED IN PART.

Preliminarily, the Court notes that this action was initially commenced against "Police Officer, Cope Unit 34," Officer Koenig, and the County. (See Compl., Docket Entry 1.) On April 17, 2015, Defendants filed a letter identifying Officer Dubriske and Officer Umbarila as the other officers involved in the subject incident. (Defs.' Ltr., Docket Entry 7.) The Court's April 20, 2015 Electronic Order terminated "Police Officer Cope Unit 34" as a defendant and amended the caption to include Officers Dubriske and Umbarila as defendants.

BACKGROUND[1]

I.    Factual Background

On or about September 24, 2014, Plaintiff was approached by Officer Umbarila[2] in front of the 7-11 store on Fifth Avenue in Bay Shore, New York. (Compl. at 3, ¶ 1.) Officer Umbarila asked Plaintiff if he had a place to stay that night and Plaintiff responded affirmatively. (Compl. at 4, ¶¶ 2-3.) Officer Umbarila

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] The Complaint refers to "Police Officer Cope Unit 34" throughout. However, as previously noted, "Officer Cope" was terminated from this case after the County identified Officers Umbarila and Dubriske as the other officers involved in the events set forth in the Complaint. (Defs.' Ltr.) Defendants' memorandum of law specifically identifies Officer Umbarila as the "Officer in Cope Unit 34 at the time of the claim." (Defs.' Br., Docket Entry 12-3, at 1, n.2.) For ease of reference, the Court will refer to Officer Umbarila in all places where the Complaint refers to "Police Officer Cope Unit 34."

then asked Plaintiff where he was going and Plaintiff responded, "nowhere right now." (Compl. at 4, ¶¶ 4-5.) Officer Umbarila pointed toward the Third Precinct and said "I can give you a place to sleep tonight right across the street." (Compl. at 4, ¶ 6.) Plaintiff asked why he would need to sleep at the Third Precinct, and Officer Umbarila responded, "because you're panhandling." (Compl. at 4, ¶¶ 7-8.) Officer Umbarila stated that panhandling is a crime that Plaintiff could be arrested for; when Plaintiff attempted to dispute that point, Officer Umbarila said that Plaintiff could either leave immediately or spend the rest of the night in jail. (Compl. at 4, ¶¶ 10- 11.) Plaintiff indicated that panhandling is not a crime and that he has an injunction issued by the Eastern District prohibiting any Suffolk County police officers from "arresting, threatening to arrest, or attempting to arrest anyone for panhandling." (Compl. at 5, ¶ 12.) Officer Umbarila again stated that Plaintiff could either leave the premises or face arrest for panhandling, and Plaintiff "immediately retreated" from the front of the 7-11 store. (Compl. at 5, ¶¶ 13-14.)

Plaintiff stood in front of the laundromat adjacent to the 7-11 store and used his cell phone to place an emergency "911" call to report Officer Umbarila's threat of arrest. (Compl. at 5, ¶ 14.) Officer Umbarila was approximately fifteen to twenty feet

away and in earshot when Plaintiff placed his call. (Compl. at 5, ¶ 14.)

Plaintiff proceeded to the Third Precinct with the intention of filing of a citizen's complaint. (Compl. at 5, ¶ 15.) Plaintiff spoke with Officer Koenig, who requested Plaintiff's identification. (Compl. at 6, ¶¶ 16, 18.) Plaintiff provided his identification and attempted to explain the events surrounding Officer Umbarila's "harassment"; however, Officer Koenig "repeatedly and consistently interrupted Plaintiff with matters completely irrelevant and clearly designed to inhibit and frustrate Plaintiff's ability to file a citizen's complaint." (Compl. at 6, ¶¶ 17, 19.) Plaintiff demanded that he speak with a supervisor, particularly a Sergeant, Lieutenant or Watch Commander. (Compl. at 6, ¶ 20.) Officer Koenig advised that Plaintiff would not be able to speak with a supervisory official "unless and until" Koenig completed Plaintiff's initial report. (Compl. at 6, ¶ 21.) Plaintiff requested a "cc" number but Koenig advised that a "cc" number could not be assigned "unless and until" he took Plaintiff's complaint. (Compl. at 6, ¶ 22.)

Officer Koenig continued to interrupt Plaintiff as he tried to explain the basis of his citizen's complaint. (Compl. at 7, ¶ 23.) Officer Koenig refused to identify by name and verify the badge number of Officer Umbarila. (Compl. at 7, ¶ 24.) Plaintiff made one more attempt to file his citizen's complaint,

"but, again, Defendant Koenig continued to employ obstructionist[]
tactics thereby successfully frustrating Plaintiff's efforts to
file a citizen's complaint against [Officer Umbarila]." (Compl.
at 7, ¶ 26.)

Plaintiff alleges that Officer Koenig's interference
with his citizen's complaint against Officer Umbarila is "the
second time that Defendant Koenig successfully prevented [him]
from filing a complaint against a fellow police officer for
threatening an unlawful arrest for loitering for the purpose of
begging (or panhandling)." (Compl. at 7, ¶ 26, n.10.) During the
course of Plaintiff's attempts to report the officer to 911,
Plaintiff was instructed to call the local precinct. (Compl. at
7-8, ¶ 26, n. 10.) When Plaintiff called the precinct, he spoke
with Officer Koenig, who inquired as to Plaintiff's location,
directed Plaintiff to remain on the telephone, and dispatched an
officer and a patrol unit to Plaintiff's location where they
"effected an unlawful arrest against Plaintiff, charging Plaintiff
with panhandling." (Compl. at 7-8, ¶ 26, n. 10.)

II.  The Complaint

Plaintiff commenced this action on February 4, 2015.
The Complaint appears to assert that Defendants violated 42 U.S.C.
§ 1983 and deprived Plaintiff of his First and Fourteenth Amendment
rights in connection with: (1) Officer Umbarila's interference
with Plaintiff's right to exercise free speech "by threatening to

arrest Plaintiff for 'loitering for the purpose of begging' (a.k.a. panhandling) in purported violation of New York's Penal Law § 240.35(1)"; and (2) Officer Koenig's employment of "deliberate and calculative tactics purposefully designed to frustrate Plaintiff's efforts to file a legitimate citizen's complaint against a police officer" in contravention of his rights to free speech, "petition to redress grievances", due process, and equal protection. (Compl. at 2-3.) The Complaint alleges that the actions of Officer Umbarila and Officer Koenig were taken pursuant to the County's "wide spread practice, custom and usage" and in violation of a preliminary injunction issued by this Court on April 23, 2012 (the "Injunction"). (Compl. at 3.)

Plaintiff seeks the following award of damages: (1) compensatory damages against Defendants in the amount of $50,000 for the violation of his constitutional rights; (2) punitive damages against Officer Umbarila and Officer Koenig in the amount of $100,000 for their willful violation of his constitutional rights; and (3) a declaratory judgment stating (a) Plaintiff has a constitutional right to file complaints against law enforcement for "perceived misconduct" and (b) "that enforcing or attempting to enforce New York Penal Law § 240.35(1) against Plaintiff is a concrete violation of Plaintiff's constitutional rights." (Compl. at 8-9.)

III.    The Injunction Order

        This Court's Memorandum and Order dated April 23, 2012 granted Plaintiff's motion for a preliminary injunction in Jefferson v. Rose, No. 12-CV-1334. See Jefferson v. Rose, 869 F. Supp. 2d 312 (E.D.N.Y. 2012).  In the Rose matter, Plaintiff commenced an action against Officer Rose, unidentified officers, and Suffolk County, asserting claims pursuant to the First, Fourth, and Fourteenth Amendments and New York State law in connection with his arrest for loitering for the purpose of begging.  Rose, 869 F. Supp. 2d at 315.  Specifically, on March 14, 2012, Plaintiff was charged with violating New York Penal Law Section 240.35(1) based on Officer Rose's observation of Plaintiff "leaning into a vehicle window stopped at the McDonalds drive thru and begging customers for money following a 911 call to that location complaining of the same."  Id.  Plaintiff was held overnight and arraigned the next morning for a violation of Section 240.35(1).

        Section 240.35(1) provides that an individual is guilty of loitering where he "'[l]oiters, remains or wanders about in a public place for the purpose of begging.'"  Id. at 314 (quoting N.Y. Penal Law § 240.35(1)).  However, in 2010, the New York State Legislature repealed Section 240.35(1) in the wake of state and federal decisions holding the statute to be unconstitutional.  Id. at 314-15.

The Court granted Plaintiff's motion for a preliminary injunction, holding that Plaintiff claims had a likelihood of success on the merits and that "threats of arrest or being told to 'move along' by the police violate Plaintiff's rights and constitute actual injury." Id. at 316-18 (citation omitted). The Court enjoined the defendants and the Suffolk County Police Department from: "(1) enforcing, or threatening or attempting to enforce, the now-repealed N.Y. Penal Law § 240.35(1) and (2) arresting, threatening or attempting to arrest, anyone for loitering, remaining, or wandering about for the purpose of begging." Id. at 319. However, the Court indicated that its injunction did not extend to arrests for panhandling based on valid provisions of the New York Penal Law. Id. (citing New York Penal Law Sections 240.20 (disorderly conduct), 240.26 (harassment in the second degree), and 140.05 (trespass)).

IV.  Defendants' Motion to Dismiss

On June 19, 2015, Defendants filed a motion to dismiss the Complaint pursuant to Federal Rules of Procedure 12(c).

A.  Officer Umbarila

Defendants argue that Plaintiff's claims against Officer Umbarila should be dismissed because he had a "lawful basis" to direct Plaintiff to vacate the premises and as a result, his "underlying motive[s]" should not be examined. (Defs.' Br. at 3-4.) Specifically, Defendants allege that the manager of the 7-11

store requested that the police "assist in removing an unwanted person" from his store. (Defs.' Br. at 3.)  Although Defendants dispute the particular words spoken by Officer Umbarila when he directed Plaintiff to leave, they assert that even if Officer Umbarila referenced panhandling, he would have had probable cause to arrest Plaintiff for trespass if he refused to leave the premises. (Defs.' Br. at 4.)

Furthermore, Defendants characterize Plaintiff's claim as an "allegation that Officer Umbarila violated [Plaintiff's] First Amendment rights by threatening him with arrest for panhandling." (Defs.' Br. at 4.)  Defendants argue that Plaintiff's First Amendment Right to panhandle on public property does not extend to private property. (Defs.' Br. at 6.)  To that end, Plaintiff "has not sufficiently stated that he was permitted to engage in the alleged speech by the owner or manager of the private property upon which he was located." (Defs.' Br. at 6.)

Finally, Defendants argue that Officer Umbarila is entitled to qualified immunity. (Defs.' Br. at 5.)

B.    Officer Koenig

Defendants allege that Plaintiff's cause of action against Officer Koenig should be dismissed because it does not state a constitutional claim and does not "establish that similarly situated persons have been treated differently than the plaintiff." (Defs.' Br. at 7.)  Additionally, Defendants assert

that a civilian complaint to a police department does not implicate any guaranteed constitutional rights. (Defs.' Br. at 7.) Moreover, despite Plaintiff's allegation that Officer Koenig's conduct was based on a widespread Suffolk County practice, the Complaint does not allege that the Suffolk County Police Department has implemented a "blanket policy" that precludes the filing of civilian complaints. (Defs.' Br. at 7.) To the extent Plaintiff's claim is construed as a First Amendment retaliation claim, Plaintiff has failed to establish that he suffered actual harm or that his speech was chilled. (Defs.' Br. at 8.)

Defendants further argue that Plaintiff cannot establish an equal protection claim against Officer Koenig in the absence of allegations that Plaintiff was treated differently than other similarly situated individuals. (Defs. Br. at 8-9.)

C.    The County

Defendants argue that the Complaint should be dismissed against the County in the absence of an underlying violation of Plaintiff's constitutional rights. (Defs.' Br. at 9.) Moreover, the Complaint does not include allegations regarding a Suffolk County municipal policy that resulted in the deprivation of Plaintiff's constitutional rights. (Defs.' Br. at 10.)

D.    Officer Dubriske

Defendants allege that Officer Dubriske "had contact with the plaintiff at a time later in the evening/early morning on

the date of the complaint but the plaintiff has not alleged any claims against this officer." (Defs.' Br. at 1, n.2.) Defendants argue that Plaintiff should not be permitted to amend the Complaint to assert a claim against Officer Dubriske because he was not present during the events described in the Complaint and Plaintiff did not assert any claims against "John Doe" officers aside from Officer Umbarila. (Defs.' Br. at 2-3.) However, Defendants also allege that Officr Dubriske "interacted with the plaintiff after the plaintiff had left the precinct having spoken to Officer Koenig." (Defs.' Br. at 10-11.)

DISCUSSION

Defendants' motion seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(c). (See Defs.' Notice of Mot., Docket Entry 12-1.) However, Defendants have not filed an Answer in this action; thus, a Rule 12(c) motion is not appropriate at this juncture because the pleadings have not closed. See FED. R. CIV. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings.") In light of Defendants' allegations, the Court will construe Defendants' motion as seeking dismissal pursuant to Rule 12(b)(6). See Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005) (The standard for evaluating a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b).).

I.    Legal Standard

        To withstand a motion to dismiss, a complaint must
contain factual allegations that "'state a claim to relief that is
plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678,
129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955,
1974, 167 L. Ed. 2d 929 (2007)).  This plausibility standard is
not a "probability requirement" and requires "more than a sheer
possibility that a defendant has acted unlawfully." Id. (internal
quotation marks and citation omitted).    To that regard,
"[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."  Id.
The Court's plausibility determination is a "context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense."  Harris v. Mills, 572 F.3d 66, 72
(2d Cir. 2009) (internal quotation marks and citation omitted).

        A complaint filed by a pro se litigant is to be construed
liberally and "however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.
Ed. 2d 1081 (2007).  See also Hiller v. Farmington Police Dep't,
No. 12-CV-1139, 2015 WL 4619624, at *7 (D. Conn. July 31, 2015)
(Noting that the dismissal of a pro se complaint pursuant to Rule
12(b)(6) is not appropriate "unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted). Nevertheless, a pro se complaint must state a plausible claim for relief and comply with the minimal pleading standards set forth in Federal Rule of Civil Procedure 8. Hiller, 2015 WL 4619624, at *7.

A.    Documents Considered

Generally, the Court's consideration of a Rule 12(b)(6) motion to dismiss is "limited to consideration of the Complaint itself." Dechberry v. N.Y. City Fire Dep't, No. 14-CV-2130, 2015 WL 4878460, at *1 (E.D.N.Y. Aug. 14, 2015). However, "[a] complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citations omitted.) See also FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") If the Court considers matters outside of the complaint in connection with a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56 . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

The Court declines to consider matters outside of the pleadings proffered by Defendants and will not convert the pending motion to dismiss into a motion for summary judgment. The affidavits and field reports proffered as exhibits to Defendants' motion are neither incorporated by reference nor integral to the Complaint and, accordingly, will not be considered in connection with Defendants' motion. (See Defs.' Mot. Ex. B-F, Docket Entries 12-5 through 12-9.)

B.    Section 1983

To state a claim under Section 1983, the plaintiff must allege: "(1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States." Barreto v. Cty. of Suffolk, 762 F. Supp. 2d 482, 488 (E.D.N.Y. 2010) (citations omitted). Section 1983 does not create any substantive rights but instead provides a vehicle to vindicate pre-existing federal rights. Id. Defendants do not dispute that Officers Umbarila and Koenig were acting under color of state law. (See generally Defs.' Br.)

II. Officer Umbarila

Plaintiff's claim against Officer Umbarila is best construed as a cause of action for First Amendment retaliation-- namely, that Officer Umbarila threatened to arrest Plaintiff

14

because he was exercising his First Amendment right to panhandle. See, e.g., Louis v. Metro. Transit Auth., --- F. Supp. 3d ----, 2015 WL 6814739, at *5 (E.D.N.Y. Nov. 6, 2015) (construing plaintiff's claim that the bus driver removed her from the bus because she was wearing religious attire as a First Amendment retaliation claim). A plaintiff pleads a First Amendment retaliation claim by demonstrating: "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." Dorsett v. Cty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013). Particularly, the plaintiff must establish either that the government retaliation "adversely affected" his speech or that he has suffered another concrete harm. Id. (Noting that "chilled speech is not the sine qua non of a First Amendment claim."). However, "[e]ven threats of arrest or being told to 'move along' by the police violate Plaintiff's rights and constitute actual injury." Rose, 869 F. Supp. 2d at 318 (citing Loper v. N.Y. City Police Dep't, 802 F. Supp. 1029, 1034 (S.D.N.Y. 1992), aff'd, 999 F.2d 699 (2d Cir. 1993)).

Construing the pro se Complaint liberally, the Court finds that Plaintiff has stated a claim against Officer Umbarila for First Amendment retaliation. First, Plaintiff's panhandling falls under the protections of the First Amendment. See Rose, 869

F. Supp. 2d at 317 (stating that New York state and federal courts have held that panhandling is constitutionally protected speech). Second, the Complaint plausibly asserts that Officer Umbarila's actions were motivated by Plaintiff's exercise of his right to panhandle by alleging that Officer Umbarila threatened Plaintiff with arrest and expressly stated "panhandling is a crime and I can arrest you for it." (Compl. at 4, ¶¶ 8-11.) Third, Officer Umbarila's threat of arrest constitutes an actual injury. See Rose, 869 F. Supp. 2d at 318.

Defendants' arguments in support of the dismissal of this claim are not compelling. Defendants' assertion that Officer Umbarila's "underlying motive" should not be examined due to his objectively lawful basis for directing Plaintiff to leave relies upon the allegation that the 7-11 store owner asked Officer Umbarila to assist in removing Plaintiff from the premises. (Defs.' Br. at 3-4.) However, as previously noted, this allegation is squarely outside of the Complaint and accordingly will not be considered by the Court in connection with Defendants' Motion, which has been construed as a Rule 12(b)(6) motion. See Dechberry, 2015 WL 4878460, at *1 (The Court's consideration of a Rule 12(b)(6) motion is generally limited to the consideration of the Complaint itself.). Thus, Defendants' assertion that Officer Umbarila's actions had an "objectively lawful basis" is without support.

Additionally, the Court is not persuaded that dismissal is warranted because "[t]he claimed right to panhandle, while existing on public property, is not limitless and does not automatically extend to expressions on private property." (Defs.' Br. at 6.) The Court acknowledges that "owners of private property are generally permitted to exclude strangers without First Amendment limitations." Rodriguez v. Winski, 973 F. Supp. 2d 411, 419 (S.D.N.Y. 2013). However, the Complaint alleges that the exchange between Plaintiff and Officer Umbarila occurred "in front of the 7-11 store." (Compl. at 3-4, ¶ 1 (emphasis added).) This allegation may be liberally construed to assert that the subject exchange took place in a public area in front of the store rather than inside of the privately owned store. See, e.g., Frisby v. Schultz, 487 U.S. 474, 480-81, 108 S. Ct. 2495, 2500, 101 L. Ed. 2d 420 (1988) ("[O]ur decisions identifying public streets and sidewalks as traditional public fora are . . . [in] recognition that [w]herever the title of streets and parks may rest, they have immemorially been held in trust for the use of the public.") (internal quotation marks and citation omitted; third alteration in original).

Finally, the Court finds that the consideration of Officer Umbarila's qualified immunity defense is premature at this juncture. (Defs. Br. at 5.) A government official named as a defendant in his individual capacity will be awarded qualified

immunity where: (1) federal law does not prohibit the conduct attributed to the defendant; or (2) if the defendant's conduct was prohibited, "the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred"; or (3) the defendant's conduct was objectively legally reasonable based on the clearly established law at the time the actions were taken. Manganiello v. City of N.Y., 612 F.3d 149, 164 (2d Cir. 2010) (internal quotation marks and citations omitted). However, a qualified immunity defense involves a fact-specific inquiry and, accordingly, "'it is generally premature to address the defense of qualified immunity in a motion to dismiss.'" Maloney v. Cty. of Nassau, 623 F. Supp. 2d 277, 292 (E.D.N.Y. 2007) (quoting Bernstein v. City of N.Y., No. 06-CV-0895, 2007 WL 1573910, at *9 (S.D.N.Y. May 24, 2007)). Defendants argue that Officer Umbarila is entitled to qualified immunity because "it was not objectively unreasonable for [Officer Umbarila] to rely upon the request of the manager of the 7-11 store in advising the plaintiff to leave the premises." (Defs.' Br. at 5.) As previously noted, this allegation is outside of the Complaint and will not be considered by this Court. Moreover, it is clear that additional fact discovery is needed to address the issue of qualified immunity.

Accordingly, Defendants' motion to dismiss Plaintiff's claim against Officer Umbarila is DENIED.

III. <u>Officer Koenig</u>

Plaintiff argues that Officer Koenig violated his constitutional rights to free speech, "petition for redress of grievances", due process, and equal protection by frustrating his efforts to file a citizen's complaint against a police office. (Compl. at 3.) However, "[n]o right, privilege or immunity guaranteed by the Constitution or the laws of the United States is implicated by a civilian complaint to a police department." <u>Johnson v. Police Officer #17969</u>, No. 99-CV-3964, 2000 WL 1877090, at *6 (S.D.N.Y. Dec. 27, 2000), <u>aff'd</u>, 19 F. App'x 16 (2d Cir. 2001) (Dismissing plaintiff's claim that "no police official accept[ed] [plaintiff's] assault complaint concerning officer #17969.") (alterations in original). <u>Accord</u> <u>Breitbard v. Mitchell</u>, 390 F. Supp. 2d 237, 245; 250 (E.D.N.Y. 2005) (Holding that the <u>pro</u> <u>se</u> plaintiff failed to state a claim against a detective who took plaintiff's statement regarding her complaint about her arrest but did not "follow through" on the investigation.).

Accordingly, Plaintiff's claims against Officer Koenig are DISMISSED WITH PREJUDICE. Although the Court's general practice is to grant leave to amend the complaint when grating a motion to dismiss, "a district court has the discretion to deny leave to amend where there is no indication from a liberal reading of the complaint that a valid claim might be stated." <u>Hayden v.</u>

Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); Perri v. Bloomberg,
No. 11-CV-2646, 2012 WL 3307013, at *4 (E.D.N.Y. Aug. 13, 2012).
The Court finds that leave to replead with respect to Plaintiff's
claims against Officer Koenig would be futile in light of the
absence of any constitutional rights regarding the filing of
civilian complaints.

IV.  Officer Dubriske

        The Complaint only asserts allegations against "P.O.
Cope" (now identified as Officer Umbarila), Officer Koenig, and
the County.  (See generally Compl.)  Although Defendants did not
object to the caption being amended to include Officer Dubriske as
a defendant (see Defs.' Ltr.), Defendants allege that the Complaint
does not contain any claims against Officer Dubriske and that
Plaintiff should not be permitted to file an amended complaint
asserting claims against this defendant.  In light of Plaintiff's
pro se status and Defendants' prior consent to the caption being
amended to include Officer Dubriske, Plaintiff's claims against
Officer Dubriske are DISMISSED WITHOUT PREJUDICE and with leave to
replead.  See Hayden, 180 F.3d at 53 ("[w]hen a motion to dismiss
is granted, the usual practice is to grant leave to amend the
complaint"); see also FED. R. CIV. P. 15(a)(2) ("[t]he court should
freely give leave [to amend] when justice so requires").

V.    The County

A municipality will not be held liable pursuant to Section 1983 based on a theory of respondeat superior for their employees' torts. Bonds v. Suffolk Cty. Sheriff's Dep't, No. 05-CV-3109, 2006 WL 3681206, at *2 (E.D.N.Y. Dec. 5, 2006). See also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). However, a municipality may be liable under Section 1983 "for actions taken pursuant to official municipal policy that cause constitutional torts." Brewster v. Nassau Cty., 349 F. Supp. 2d 540, 549 (E.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, a plaintiff who files a Section 1983 action against a municipality must plead the following elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id.

The plaintiff will establish a municipal policy or custom by alleging: (1) the municipality has officially endorsed a formal policy; (2) municipal officials have taken actions or made decisions based on final decision-making authority that caused the alleged violation of civil rights; (3) the existence of a practice significantly "persistent and widespread" to be considered a "custom of which constructive knowledge can be implied on the part of policymaking officials"; or (4) the policymakers' failure to appropriately train or supervise subordinates,

"amounting to 'deliberate indifference' to the rights of those who come in contact with the municipal employees." Bonds, 2006 WL 3681206, at *2 (citations omitted). While a municipal policy or custom "may be inferred from informal acts or omissions of supervisory municipal officials," one incident that involves an employee who is below the policymaking level generally will not establish an inference of a municipal policy. Id. (citations omitted).

Construing the Complaint liberally, Plaintiff alleges that the County has implemented a municipal policy of threatening to arrest individuals for panhandling (the "Panhandling Policy"), which has resulted in the denial of Plaintiff's right to free speech. (Compl. at 3.) The Complaint alleges that the prior incident that formed the basis for Jefferson v. Rose involved a Suffolk County police officer's threat to arrest Plaintiff for panhandling. (Compl. at 7-9, ¶ 26 n.10.) Thus, there has been more than one threat to arrest Plaintiff for panhandling, which suffices to plead that the Panhandling Policy is "persistent and widespread." Additionally, the existence of the Injunction, which prohibits any Suffolk County police officer from threatening to arrest individuals for panhandling, establishes that policymaking officials, at the very least, have constructive knowledge of the Panhandling Policy. See Rose, 869 F. Supp. 2d at 319. Accordingly, the branch of Defendants' motion seeking to dismiss

Plaintiff's Section 1983 claim against the County based on the Panhandling Policy's interference with his First Amendment rights is DENIED.  See Bonds, 2006 WL 3681206, at *2 (a municipal policy is established based on allegations of the existence of a practice sufficiently "persistent and widespread" to be considered a custom of which policymaking officials have constructive knowledge).

The Complaint can also be liberally construed to assert that the County has implemented a "widespread" policy of purposefully frustrating civilian efforts to file complaints against police officers (the "Complaint Policy") and that this policy has resulted in the denial of Plaintiff's "rights to free speech, petition for redress of grievances, Due Process and Equal Protection of Law."  (See Compl. at 3.)  However, a plaintiff's claim for municipal liability under Section 1983 must fail in the absence of a "valid underlying constitutional deprivation." Johnson v. City of N.Y., 551 F. App'x 14, 15 (2d Cir. 2014). Accord Louis, 2015 WL 6814739, at *11.  But see Barrett v. Orange Cty. Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999) ("[M]unicipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants.")  As set forth above, the Complaint fails to establish a valid constitutional deprivation regarding Officer Koenig's alleged frustration of

Plaintiff's ability to file a civilian complaint.  It follows that Plaintiff is foreclosed from asserting a claim for municipal liability under Section 1983 with respect to the Complaint Policy. Accordingly, Plaintiff's Section 1983 claim against the County based on the Complaint Policy's interference with his constitutional rights is DISMISSED WITH PREJUDICE based on the futility of Plaintiff's claim against Officer Koenig for an underlying constitutional deprivation.

VI.   Consolidation

Presently pending before the Court are three related actions commenced by the Plaintiff. In Jefferson v. Salvatore, et. al., No. 15-CV-2303 ("Salvatore"), Plaintiff filed suit against two Suffolk County police officers and the County under Section 1983 and asserted a deprivation of his First and Fourteenth Amendment rights based on the officers' direction that he "keep it moving" after an exchange about panhandling and the County's Panhandling Policy. (See Compl., Salvatore, Docket Entry 1.)  In Jefferson v. Loe, et. al., No. 15-CV-2304 ("Loe"), Plaintiff filed suit against a Suffolk County deputy sheriff and the Sheriff of Suffolk County under Section 1983 and asserted a deprivation of his First, Fourth, and Fourteenth Amendment rights based on the deputy sheriff's threat to arrest him for panhandling.  (See Compl., Loe, Docket Entry 1.)  In Jefferson v. Soe, et. al., No. 15-CV-2305 ("Soe"), Plaintiff filed suit against a Suffolk

County police officer and the County of Suffolk under Section 1983 and asserted a violation of his First, Fourth, and Fourteenth Amendment rights based on the police officer's threat to arrest Plaintiff for panhandling and the County's Panhandling Policy. (See Compl., Soe, Docket Entry 1.)

The Court has reviewed the dockets in this matter and the Salvatore, Loe, and Soe matters and the complaints involve claims arising out of the same general set of facts. Indeed, the County is named as a defendant in three of the four suits and the remaining defendants are Suffolk County police officers or sheriffs. Thus, the Court finds that consolidation is warranted to avoid the duplicative and unnecessary use of judicial resources. See FED. R. CIV. P. 42(a)(2). See also Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("The trial court has broad discretion to determine whether consolidation is appropriate . . . [and] courts have taken the view that considerations of judicial economy favor consolidation.") (citations omitted). As such, the Court sua sponte ORDERS that Jefferson v. Koenig, No. 15-CV-0544, Jefferson v. Salvatore, et. al., No. 15-CV-2303, Jefferson v. Loe, et. al., No. 15-CV-2304, and Jefferson v. Soe, et. al., No. 15-CV-2305, be CONSOLIDATED. All future filings are to be docketed in the earliest-filed case, Jefferson v. Koenig, No. 15-CV-0544.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED IN PART and DENIED IN PART. Plaintiff's claim against Police Officer Koenig is DISMISSED WITH PREJUDICE. Plaintiff's claim against Police Officer Dubriske is DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to replead his claim against Officer Dubriske, he must do so within thirty (30) days of the date of this Memorandum and Order. If he fails to do so, his claim against Officer Dubriske will be dismissed with prejudice. Plaintiff's claim against the County with respect to the Complaint Policy is DISMISSED WITH PREJUDICE. Plaintiff's remaining claims are against Officer Umbarila and against the County with respect to the Panhandling Policy.

The Court <u>sua</u> <u>sponte</u> Orders that <u>Jefferson v. Koenig</u>, No. 15-CV-0544, <u>Jefferson v. Salvatore, et. al.</u>, No. 15-CV-2303, <u>Jefferson v. Loe, et. al.</u>, No. 15-CV-2304, and <u>Jefferson v. Soe, et. al.</u>, No. 15-CV-2305, be CONSOLIDATED. All future filings are to be docketed in the earliest-filed case, <u>Jefferson v. Koenig</u>, No. 15-CV-0544. Upon consolidation, the Clerk of the Court is directed to mark case numbers 15-CV-2303, 15-CV-2304, and 15-CV-2305, CLOSED.

Given Plaintiffs' <u>pro</u> <u>se</u> status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore

in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to TERMINATE Police Officer Koenig as a defendant in this matter. The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January __15__, 2016
           Central Islip, New York